**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Debbie I. Glaude</u>

   v.                                                   Civil No. 07-cv-138-SM

<u>United States Army</u>

**REPORT AND RECOMMENDATION**

Before the Court is Debbie Glaude's complaint against the United States Army (document no. 1). Because Ms. Glaude is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). As fully explained herein, I recommend that the complaint be dismissed.

<u>Standard of Review</u>

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v.</u>

Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Discussion

Generously construing the complaint in plaintiff's favor, Debbie Glaude states that her husband, Jeffrey Glaude, is a member of the armed forces.  During their relationship, Jeffrey has been stationed in Korea and Colorado.  Plaintiff claims that her efforts to obtain information addressing her concerns about

her husband's mental health either have not been appropriately responded to, or have been entirely ignored, by the United States Army.

Plaintiff has sued the United States Army, alleging that it has failed to provide her with information and assistance that it was obliged to provide to her.  Glaude does not claim a particular violation of any specific statutory or constitutional right.  As a department of the federal government, this action against the United States Army is fairly understood as an action against the United States itself.  See Hawaii v. Gordon, 373 U.S. 57, 58 (1963) (suit against an executive department of the United States, or against federal employees in their official capacities is a suit against the United States).

The United States, as sovereign, is immune from suit, unless it consents to be sued.  See Limar Shipping, Ltd. v. United States, 324 F.3d 1, 6 (1st Cir. 2003) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  Plaintiff must plead a specific statute that both gives rise to her cause of action and contains an explicit waiver of sovereign immunity.  See Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 596 (1st Cir. 1982) (suit barred by

sovereign immunity where plaintiff has made no effort to indicate basis upon which immunity would be waived for damages action against United States); see also Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 39 (1st Cir. 2006) (acknowledging Supreme Court's consistent view that waiver or abrogation of sovereign immunity must be unequivocal and explicit) (internal citations omitted); Andrean v. Sec'y of the U.S. Army, 840 F. Supp. 1414, 1421 (D. Kan. 1993) ("To state a claim for which relief can be granted as to the United States, a plaintiff must allege a specific statute containing a waiver of sovereign immunity.").

A suit is considered brought against a sovereign if the relief sought would come from the public treasury, interfere with public administration, or would restrain or compel government action. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984) (citing Dugan v. Rank, 372 U.S. 609, 620 (1963)). Here, plaintiff names the United States Army as a defendant to her action, and requests relief that would, if granted, divest the public coffers of one million dollars. Accordingly, plaintiff has brought suit against the United States as sovereign. Plaintiff has not, however, met her burden of

pleading a specific statute that waives the immunity afforded the United States as a sovereign entity. I find, therefore, that the only defendant named to this action is immune from suit.

## Conclusion

For the reasons explained herein, I recommend that the complaint be dismissed in its entirety. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 11, 2007

cc:      Debbie I. Glaude, pro se